## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) DALE A. GREGOR, JR. and <br> (2) DEBRA GREGOR, individually and as <br> Co-Guardians of KAYLA THETFORD, <br> an incapacitated adult; and <br> (3) JONATHON THETFORD, as parent and <br> next friend of Z.L.T., Z.D.T. and Z.A.T., <br> minor children of Kayla and Jonathon Thetford, <br><br> Plaintiffs, <br><br> vs. <br><br> (1) UNITED STATES OF AMERICA <br> (2) MICHAEL CLINTON WEST, D.O.; <br> (3) EMCARE, INC.; <br> (4) EMCARE PHYSICIAN PROVIDERS, INC., and <br> (5) EMCARE PHYSICIAN SERVICES, INC., <br><br> Defendants. | Case No. <br> 19-CV-719-JED-FHM |

### COMPLAINT

COME NOW Plaintiffs Dale A. Gregor and Debra Gregor, individually and as co-guardians of Kayla Thetford, an incapacitated adult, and Jonathon Thetford as next friend of Z.L.T., Z.D.T. and Z.A.T., minors, by and through their attorneys, George W. Braly and William Speed of Braly, Braly, Speed & Morris, PLLC, and Mark Burgess of Burgess Law Firm PLLC, and allege as follows:

### PARTIES, JURISDICTION AND VENUE

1. This action arises under 28 U.S.C. §§ 1346(b) and 2671 *et seq*.

2. Plaintiffs Dale A. Gregor and Debra Gregor are residents of Drumright,

Creek County, State of Oklahoma and are the duly appointed Co-Guardians of the person and property of Kayla Thetford, an incapacitated adult, by virtue of Letters of General Co-Guardianship issued on June 17, 2019 by the District Court of Creek County, State of Oklahoma, in case number PG-2019-11.

3.  Jurisdiction and venue are proper before this Court pursuant to 28 U.S.C. §§ 1346(b), 1367(a) and 1402(b).

4.  Jonathon Thetford is the natural father of Kayla Thetford's three minor children, Z.L.T., Z.D.T., and Z.A.T., and he is her ex-husband and has physical custody of said children due to Kayla Thetford's catastrophic permanent injuries and resulting physical incapacity.

5.  Plaintiffs' Federal Tort Claim Notice was timely sent. The six-month time to respond to said claims expired on or about December 28, 2019 without the United States taking action on said claims. Therefore, by operation of law those claims are deemed denied. Plaintiffs have fully complied with the provisions of 28 U.S.C. §§ 2401(b) and 2675(a).

6.  The acts and omissions herein complained of occurred at the community health center and hospital known as the Muscogee Creek Nation Hospital/Clinic located in Okemah, Okfuskee County, State of Oklahoma.

7.  At all times relevant to these events, Defendant United States, by and through the Indian Health Service and/or the Department of Health and Human Services and Muscogee Creek Nation, operated the hospital and community health center known as the Muscogee Creek Nation Hospital/Clinic.

8. Defendant Michael Clinton West, D.O., is a physician licensed by the Oklahoma Board of Osteopathic Examiners, who, at the time of the medical care and treatment of Kayla Thetford, was practicing at the Muscogee Creek Nation Hospital/Clinic in Okfuskee County, Oklahoma. Defendant West is believed to now be a resident of or employed in Bryan County, Oklahoma.

9. Defendant EmCare, Inc. is a Delaware corporation registered with the Oklahoma Secretary of State and doing business in Oklahoma at all times relevant to this action.

10. Defendant EmCare Physician Providers, Inc. is a Missouri corporation registered with the Oklahoma Secretary of State and doing business in Oklahoma at all times relevant to this action.

11. Defendant EmCare Physician Services, Inc. is a Delaware corporation registered with the Oklahoma Secretary of State and doing business in Oklahoma at all times relevant to this action.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

12. On or about Sunday, January 7, 2018, Kayla Thetford presented to the Muscogee Creek Nation Hospital/Clinic in Okemah, Oklahoma, with headache, dizziness, nausea, vomiting, and numbness and tingling sensation in the right side of her face, right arm and right leg, and the inability to fully mobilize one of her arms.

13. Defendant West examined and treated Kayla Thetford and made a diagnosis of vertigo and migraine headache, prescribed two antihistamines and a steroid medication and discharged her.

14. On or about January 9, 2018, Kayla Thetford presented to the emergency room of the Stillwater Medical Center exhibiting full blown symptoms of a stroke. From Stillwater Medical Center, she was emergently transferred to OU Medical Center for a higher level of care.

15. Kayla Thetford had suffered an acute ischemic stroke.

16. Kayla Thetford was discharged from OU Medical Center on February 7, 2018 to a long-term acute care facility. She was discharged to her parents' home on May 22, 2018.

17. At the time of her injury, Kayla Thetford was 31 years old and a single mother to three young children, ages 8, 7 and 3, who lived with her.

18. Kayla Thetford now has a tracheostomy and a feeding tube. She suffers from quadriplegia and aphasia.

19. She appears to understand what is being said to her. However, she is unable to communicate with those around her except by limited head movements, squeezing a person's hand, or sometimes moving one of her feet.

20. She is completely dependent upon her parents, Dale and Debra Gregor, her Co-Guardians and Plaintiffs herein, for her full-time, 24/7 care, which they have faithfully provided since she was discharged home on May 22, 2018.

21. Typically, a patient with injuries similar to those suffered by Kayla Thetford, requires 24/7 care that is commensurate with full time skilled nursing care.

22. Kayla Thetford can no longer care for herself or her children, therefore her children now live with their father, Jonathon Thetford.

## FIRST CAUSE OF ACTION

23. Plaintiffs incorporate each of the previous allegations into this First Cause of Action.

24. Defendant **Michael Clinton West, D.O.**, negligently failed to properly and timely examine, diagnose and treat Kayla Thetford.

25. Defendant West owed Kayla Thetford the duty to exercise that degree of skill, diligence and foresight exercised by and expected of physicians.

26. The medical care and treatment provided to Kayla Thetford by Defendant West departed from accepted standards of medical care so as to constitute medical negligence.

27. As a direct and proximate result of the negligence of Defendant West, in failing to diagnose and emergently and timely treat Kayla Thetford's symptoms, consistent with a likely incipient stroke, Kayla Thetford suffered severe and permanent bodily injuries, disfigurement, and physical impairment; physical and mental pain and suffering; loss of companionship or society; loss of future income and earning capacity; and incurred past, and will incur future, expenses for medical care and treatment, as well as other life care expenses.

28. Kayla Thetford is a suitable candidate to take advantage of high technology assisted communication equipment.

29. With the financial resources to provide lifetime 24/7 skilled nursing care, and family members who have a personal interest in her care, Kayla will likely live a near normal life expectancy.

## SECOND CAUSE OF ACTION

30. Plaintiffs incorporate each of the previous allegations into this second cause of action.

31. Pursuant to 25 U.S.C. § 5321 *et seq.,* and 28 U.S.C. § 2671 *et seq.* (FTCA), the United States of America is a defendant in its capacity as the legally responsible entity for actions and omissions of:

   a. The Department of Health and Human Services, and its agency,
   b. The Indian Health Service (IHS); and
   c. The Indian Health Services' contract service unit, namely, Muscogee Creek Nation Hospital/Clinic in Okemah, Oklahoma; and
   d. The agents, contract entities, and employees of the Muscogee Creek Nation Hospital/Clinic and community care facility, among whom are various individual nurses and doctors.

32. On information and belief, at all times relevant to the matters alleged herein Defendants West, EmCare Inc., EmCare Physician Providers Inc. and/or EmCare Physician Services Inc. contracted with the Muscogee Creek Nation to provide medical services at the Muscogee Creek Nation Hospital and/or Clinic under an "Indian Self-Determination contract" pursuant to 25 U.S.C. § 5321 *et seq.*

33. Based upon a representation from a representative of the Muscogee Creek Nation, Defendant West was an employee, or deemed to be an employee, of Defendant United States through the liability mechanism established by the Federal Tort Claims Act and other related transactions between agencies of the United States and the Muscogee Creek Nation.

34. Defendant United States is liable for the relevant acts and omissions of Defendant West.

35. Defendant United States is liable for the relevant acts and omissions of Defendant EmCare Inc.

36. Defendant United States is liable for the relevant acts and omissions Defendant EmCare Physician Providers Inc.

37. Defendant United States is liable for the relevant acts and omissions of Defendant EmCare Physician Services Inc.

38. Defendants EmCare Inc., EmCare Physician Providers Inc. and/or EmCare Physician Services Inc. are deemed to be part of the Public Health Service in the Department of Health and Human Services, therefore Defendant United States is liable for the acts and omissions of each such Defendant.

39. As a direct and proximate result of the negligence of Defendant United States and its employees, agents, servants, ostensible agents and ostensible servants, and contract entities, Kayla Thetford suffered preventable severe and permanent bodily injuries, disfigurement, and physical impairment; physical and mental pain and suffering; loss of companionship or society; loss of the enjoyment of life; loss of earning capacity and associated future earnings; and incurred past, and will incur future, expenses for medical care and treatment, as well as other life care expenses.

### THIRD CAUSE OF ACTION

40. Plaintiffs incorporate all of the previous allegations into this third cause of action.

41. On information and belief, at all times relevant to the matters alleged herein, Defendant West was an employee or agent of Defendant **EmCare Inc.** acting within the scope of such employment or agency.

42. Defendant EmCare Inc. is liable for the acts and omissions of Dr. West under the doctrine of *respondeat superior*.

## FOURTH CAUSE OF ACTION

43. Plaintiffs incorporate each of the previous allegations into this fourth cause of action.

44. On information and belief, at all times relevant to the matters alleged herein, Defendant West was an employee or agent of Defendant EmCare **Physician Providers Inc.** acting within the scope of such employment or agency.

45. Defendant EmCare Physician Providers Inc. is liable for the acts and omissions of Dr. West under the doctrine of *respondeat superior*.

## FIFTH CAUSE OF ACTION

46. Plaintiffs incorporate each of the previous allegations into this fifth cause of action.

47. On information and belief, at all times relevant to the matters alleged herein, Defendant West was an employee or agent of Defendant EmCare **Physician Services Inc.** acting within the scope of such employment or agency.

48. Defendant EmCare Physician Services Inc. is liable for the acts and omissions of Dr. West under the doctrine of *respondeat superior*.

## SIXTH CAUSE OF ACTION

49. Plaintiffs incorporate each of the previous allegations into this sixth cause of action.

50. As a direct and proximate result of Defendants' negligence, Kayla Thetford's three minor children, Z.L.T., Z.D.T. and Z.A.T., have each suffered the loss of parental consortium due to Kayla Thetford's permanent injuries.

## CLAIMS FOR RELIEF

51. The following elements of damages are provided here to describe the broadest range and scope of the legally available categories of damages allowed by law for each or all of the Plaintiffs, and to put Defendants on notice of all such possible claims and related considerations, including, but not limited to the following:

> A. Great physical and mental pain and suffering;
> B. Disfigurement;
> C. Loss of enjoyment of life;
> D. Self-enforced isolation of Kayla Thetford often required to mitigate the risk of opportunistic infections;
> E. Loss of love and companionship;
> F. Loss of consortium;
> G. Loss of earnings and opportunities for earnings and the accumulation of related assets and benefits;
> H. *Quantum meruit* compensation for 24/7 in-home attendant nursing care provided by Kayla Thetford's parents;
> I. Medical, rehabilitative, and life care expenses, related to, including, but not limited to:
>> 1. Complex case management services;
>> 2. 24/7 skilled nursing care;
>> 3. Possible cognitive deficits;

4. Speech and language disabilities;
5. Swallowing and feeding disorders;
6. Asthma, reactive airway disease and lung compromise;
7. Physical therapy;
8. Potential vocational rehabilitations depending on the effectiveness of computer based communication devices;
9. Recurrent illnesses and hospitalizations;
10. Renal and cardiac care;
11. Medication management;
12. Pain management;
13. Skin integrity management;
14. Orthopedic surgery and management;
15. Assistive medical, living and communication devices;
16. Assistance with all activities of daily living, including but not limited to personal care and hygiene, elimination of bodily wastes, transportation and household management;
17. Handicapped housing and transportation, including but not limited to design and construction of a special purpose home arranged and equipped to provide for Kayla's unique daily living needs;
18. Loss of income and asset accumulation from wages, salaries, and benefits;
19. Loss of insurability;
20. Expenses associated with management of complex governmental regulatory, tax and accounting obligations; and
21. Other economic and noneconomic losses, the exact amount to be determined at trial.

**WHEREFORE,** Plaintiffs pray for a judgment against Defendants for monetary damages in the following amounts, as stated in the FTCA Form 95 claims previously submitted to the United States:

a. To Plaintiffs Dale A. Gregor and Debra Gregor, individually and as Co-Guardians

of Kayla Thetford, for the benefit of said ward, the amount of $90,000,000, plus interest, costs, attorney fees and such other relief to which said Plaintiffs, directly, and for and on behalf of Kayla Thetford, are entitled to receive by law or equity; and

 b. To Jonathon Thetford, as next friend of the three minor children Z.L.T., Z.D.T. and Z.A.T., for the benefit of said minor children, the total sum of $30,000,000 ($10,000,000 to each child), plus interest, costs, attorney fees and such other relief to which said Plaintiff, for and on behalf of said minor children, is entitled to receive by law or equity.

          Respectfully submitted,

          /s/ George W. Braly
          George W. Braly, OBA# 1056
          William W. Speed, OBA# 19031
          BRALY, BRALY, SPEED & MORRIS, PLLC
          201 W. 14th St.
          P.O. Box 2739
          Ada, OK 74821
          Tel. 580-436-0871
          Fax 580-436-0889

          -and-

          Mark C. Burgess, OBA# 33324
          Burgess Law Firm, PLLC
          4201 Texas Boulevard
          Texarkana, TX 75503
          Tel. 903-838-4450
          Fax 844-270-5674

          ATTORNEYS FOR PLAINTIFFS

ATTORNEY LIEN CLAIMED