UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) DALE A. GREGOR, JR. and <br> (2) DEBRA GREGOR, individually and as <br> Co-Guardians of KAYLA THETFORD <br> (3) JONATON THETFORD, as parent and <br> next friend of Z.L.T., Z.D.T., and Z.A.T., <br> minor children of Kayla and <br> Jonathon Thetford <br><br>       Plaintiffs. <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br>       Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    Case No. 19-CV-719-TCK-CDL <br> ) <br> ) <br> ) <br> ) |

**OPINION AND ORDER**

Before the Court is Defendant United States of America's Motion to Dismiss. (Doc. 7). For the reasons stated herein, the government's Motion is granted, and the claims against it are dismissed without prejudice.

**I.   Background**

On January 7, 2018, Kayla Thetford presented to the Muscogee Creek Nation Hospital (MCNH) in Okemah, Oklahoma, with headache, dizziness, nausea, vomiting, numbness and tingling in the right side of her face, right arm, and right leg, and the inability to fully mobilize one of her arms. (Doc. 1 at 3). Ms. Thetford was treated by Defendant Dr. West, who diagnosed her with vertigo and a migraine headache. Dr. West prescribed Ms. Thetford two antihistamines and a steroid medication and then discharged her. Two days later, Ms. Thetford presented to the emergency room at the Stillwater Medical Center exhibiting symptoms of a stroke and was immediately transferred to the OU Medical Center where it was discovered that she had suffered an acute ischemic stroke. (*Id*. at 3-4.).

At the time of her injury, Ms. Thetford was 31 with three young children. She now lives with her parents, Plaintiffs Dale and Debra Gregor, and is unable to communicate, is quadriplegic, and requires around-the-clock care. Plaintiffs sued Dr. West for providing negligent medical care, as well as Emcare, Inc., Emcare Physician Providers, Inc., and Emcare Physician Services, Inc. (collectively Emcare) under a theory of respondeat superior. Plaintiffs also sued the United States of America pursuant to the Federal Tort Claims Act (FTCA). Specifically, Plaintiffs allege that Emcare contracted with MCNH under an Indian Self-Determination contract, which, in Plaintiffs' view, means that Emcare is deemed to be a part of the Department of Health and Human Services and liable to Plaintiffs under the FTCA. *See* 25 U.S.C. § 5321. Plaintiffs also claim that a representative of the Muscogee Creek Nation told them that Defendant West was an employee of MCNH and liable under the FTCA. *Id*. at 7-8.

On March 5, 2020, the Government filed its Motion to Dismiss (Doc. 7), arguing that Defendant West was not an employee of MCNH at the time of the alleged negligent care, and thus, the government is not liable under the FTCA. (Doc. 7 at 2). The Government further argues that Plaintiffs failed to exhaust their administrative remedies because they failed to allow for the full six-month period to run before filing their Complaint, which is required under the FTCA. *See* 28 U.S.C. § 2675(a).

In their Response (Doc. 10), Plaintiffs argue that the Government's Motion should be converted to a motion for summary judgment and denied because Plaintiffs should be allowed to conduct discovery regarding the amount of control MCNH had over Dr. West. As to the Government's argument regarding exhaustion of administrative remedies, Plaintiffs concede that they filed this lawsuit before the expiration of the mandatory six-month waiting period. (*Id*. at 2).

To remedy that, Plaintiffs filed a second lawsuit against the Government. *See Gregor et al v. United States of America*, 20-CV-128-TCK-CDL (*Gregor II*) (N.D. Okla. filed Mar. 27, 2020).

## II. Discussion

"The administrative-exhaustion requirement applicable to FTCA claims 'bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.'" *Barnes v. United States*, 776 F.3d 1134, 1139 (10th Cir. 2015) (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993)). "This exhaustion requirement is 'jurisdictional and cannot be waived'" *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016) (quoting *Bradley v. United States by Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991)). "[T]o meet the threshold requirement of administrative exhaustion, plaintiffs must either (1) have their administrative claims finally denied by the relevant federal agency; or (2) if the agency fails to act on their administrative claims withing six months of presentment, they may thereafter deem the claims (constructively) denied." *Barnes*, 776 F.3d at 1139. "[A]s a general rule, a premature 'complaint cannot be cured through amendment, but instead, plaintiff must file a new suit.'" *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) (quoting *Sparrow v. U.S. Postal Serv.*, 825 F. Supp. 252, 255 (E.D. Cal. 1993)). Importantly, "[c]ourts must dismiss these claims 'without regard to concern for judicial efficiency.'" *Gonzagowski v. United States*, 495 F. Supp. 3d 1048, 1098 (D.N.M. 2020).

Here, there is no dispute that Plaintiffs failed to exhaust their administrative remedies, as Plaintiffs admit to doing so in their Response. (Doc. 10 at 2 ("The six-month period ran from July 1, 2019 to January 1, 2020 and Plaintiffs filed their lawsuit on December 30, 2019. Plaintiffs agree to a dismissal without prejudice of its actions against the United States in this lawsuit on the grounds for filing the lawsuit two days too early.")). Thus, this Court lacks jurisdiction to decide the merits of the Government's Motion.

**IT IS THEREFORE ORDERED** that Defendant United States of America's Motion to Dismiss (Doc. 7) is **granted**. Plaintiffs' claims against the United States of America are **dismissed without prejudice**.

DATED this 10th day of January, 2022.

_____
TERENCE C. KERN
United States District Judge